United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  04-61090

BAYOU FLEET, INC.; LOUISIANA WORKERS' COMPENSATION CORPORATION

Petitioners

VERSUS

DONALD DURANT; DIRECTOR, OFFICE OF WORKER'S COMPENSATION
PROGRAMS, US DEPARTMENT OF LABOR,

Respondents

PETITION FOR REVIEW FROM AN ADMINISTRATIVE DECISION OF THE
BENEFITS REVIEW BOARD
BRB NO.: 04-0154

Before REAVLEY, DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioners seek our review of a final Benefits Review Board ("BRB") Order affirming the Administrative Law Judge's ("ALJ") determination that claimant, Donald Durant, is entitled to benefits under the Longshore Harbor Worker's Compensation Act ("LHWCA"). After two reversals and two remands by the BRB to the ALJ, the BRB

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found that the claimant was entitled to a presumption that the claim fell within the provisions of the LHWCA and that the employer failed to rebut that presumption. Even if the claimant properly invoked the presumption that his injury was causally related to his employment, we find that the ALJ's conclusion that the employer rebutted the presumption is supported by substantial evidence and that the BRB erred in reversing the ALJ's order and decision.

## I. Facts and Procedural Background

Donald Durant ("claimant") had a longstanding history of back problems. In 1974, he suffered a low back compression fracture in an automobile accident. At the time of the accident, claimant was working as a commercial diver for various oil companies, but after the accident, he could not obtain work from the companies because he could not pass the physical examinations.

In 1985, claimant developed the "bends" while working as a diver and began to experience a significant right-sided low back pain. After those episodes, claimant experienced back pain following physical activity; however, until 1998, he seldom sought medical treatment because he found rum and rest to be the most helpful in relieving his pain.

In the past, claimant worked as a marine diver and performed mechanical repairs and welding on ships. In July 1997, Robin Durant, claimant's cousin and president of Bayou Fleet, offered Donald a position at Bayou Fleet ("employer"). Both Donald and

Robin testified that one of the reasons Robin hired Donald was to have him enrolled in Bayou Fleet's health plan so claimant could get medical treatment for his chronic back pain. According to claimant, a number of incidents occurred at Bayou Fleet that aggravated his back, but he would rest, go back to work, and never report the events. Specifically, claimant testified that the episodes involved such things as moving pipe, pulling chain, fabricating a pully block and tackle and setting up the crane on a barge, mostly without assistance. Finally, claimant testified that on August 16, 1999, while he was using a come-along to rig a clamshell bucket on a crane, something pulled in his back. Claimant testified that as soon as the accident happened, he reported it to Paul Deister, the general manager of Bayou Fleet. He also testified that Paul Deister called Robin Durant, who came to the office and fired him. Paul Deister, on the other hand, testified that claimant never reported the accident to him that day.

While working for Bayou Fleet, claimant often complained of back problems, but always told his cousin that it was unrelated to the work he was doing for Bayou Fleet.[1] However, following his termination on August 16, 1999, claimant filed five claims alleging work-related accidents he had suffered during the course of his

_____

[1]He also absolutely denied his condition had anything to do with his work at Bayou Fleet to Ken Toups, the comptroller at Bayou Fleet.

3

employment with Bayou Fleet.

Claimant filed a claim against Bayou Fleet for benefits under the LHWCA, which proceeded before an ALJ. The ALJ initially denied claimant LHWCA benefits because he found that claimant could not meet his burden of showing a *prima facie* case of "injury," i.e., that he suffered a harm and that conditions existed at work which could have caused, aggravated, or accelerated the harm. Therefore, the ALJ found that claimant did not invoke the § 20(a) presumption. The BRB reversed and remanded, finding that claimant did invoke the presumption and established a *prima facie* case. On remand, the ALJ found that even though the presumption was invoked and a *prima facie* case was established, the employer rebutted the presumption with substantial evidence to the contrary. Again, the BRB reversed and remanded finding that the employer did not present substantial evidence that claimant's back condition was not aggravated or accelerated by the working conditions. The ALJ then rendered judgment in favor of claimant and determined the amount of his benefits. This appeal followed.

## II. Analysis

We review the decisions of the BRB for errors of law and to determine whether it "correctly concluded that the Administrative Law Judge's order was supported by substantial evidence on the record as a whole and is in accordance with law." <u>Ingalls Shipbuilding, Inc. v. Director, Office of Workers' Compensation</u>

4

Programs, 991 F.2d 163, 165 (5th Cir.1993) (quoting Avondale Indus. v. Director, Office of Workers' Compensation Programs, 977 F.2d 186, 189 (5th Cir.1992)).

Petitioners contend that the BRB erred in reversing the ALJ and finding that the § 20(a) presumption was invoked and also erred in finding that the employer did not rebut the presumption. Even if the BRB correctly concluded that the presumption was invoked, we find that the conclusion of the ALJ that the employer rebutted the presumption is supported by substantial evidence and the BRB erred in refusing to accept this finding. The following evidence supports the ALJ's conclusion.

Donald Durant had a long history of back problems. He never reported any work-related accidents until approximately two weeks after being terminated from Bayou Fleet. During his employment, he saw a number of doctors, some of whom he told that his work at Bayou Fleet had not worsened his back condition. At least one of these physicians examined him before and after the alleged August 16 accident and found no evidence that his back condition was worse after August 16. He also told his cousin, an official at Bayou Fleet, and another representative of the company that his injuries were not work related. Finally, the claimant testified on cross-examination that his back condition was essentially the same post-employment as pre-employment.

### III. Conclusion

Because the ALJ's conclusion is supported by substantial evidence, the BRB erred in finding that Donald Durant's condition was work-related. We therefore reverse the BRB's order and reinstate the ALJ's Order and Decision rejecting Durant's claim on grounds that the employer rebutted the presumption.

REVERSED.